United States District Court
Southern District of Texas
**ENTERED**
November 16, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | 2:15-CR-314-1 |
| | § | (2:16-CV-232) |
| JHONY BARRIOS-ANDRADE, | § | |
| Defendant/Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Jhony Barrios-Andrade (Barrios-Andrade) filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 39. The Court has reviewed the motion and concludes that summary dismissal is appropriate because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief. . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2016) (2255 Rules).

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

Barrios-Andrade pleaded guilty to illegal reentry before a federal Magistrate Judge in May 2015 after his arrest in March 2015. D.E. 12, 14. The district court accepted Barrios-

1

Andrade's guilty plea based on the unobjected to recommendation of the federal Magistrate Judge. D.E. 15.

A Presentence Investigation Report (PSR) was prepared. D.E. 17. The base level offense for Illegal Reentry is 8. U.S.S.G. § 2L1.2(a). *Id.*, ¶ 12. His offense level was enhanced by 16 based upon his prior felony conviction for solicitation to commit possession of narcotic drugs for sale in Arizona in 2008. *Id.*, ¶ 13. After credit for acceptance of responsibility, his total offense level was 21. *Id.*, ¶ 21. Barrios-Andrade had several previous convictions resulting in ten criminal history points and a criminal history category of V. *Id.*, ¶¶ 23-29. His guideline range of imprisonment was calculated to be 70 to 87 months. *Id.*, ¶ 49.

At sentencing, the Court considered Barrios-Andrade's criminal history, including the 2003 solicitation of possession which occurred when Barrios-Andrade was 21 years old. He now is married, has three children, and has no convictions after 2007. The Court sentenced Barrios-Andrade to 36 months imprisonment, two years supervised release, no fine, and a $100 special assessment. D.E. 20. The Court advised him of his right to appeal. Barrios-Andrade appealed, but his appeal was dismissed as frivolous on February 26, 2016. *United States v. Barrios-Andrade*, No. 15-41069 (5th Cir. Feb. 26, 2016). The present motion was mailed on June 14, 2016. It is timely.

### III.  MOVANT'S ALLEGATIONS

Barrios-Andrade challenges the residual clause in 18 U.S.C. § 16(b) as unconstitutionally vague pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015). He seeks resentencing without the enhancement.

### IV.  ANALYSIS

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.     *Johnson* Claim**

*Johnson* held that the residual clause of the definition of violent felony was unconstitutionally vague in the Armed Career Criminal Act. The Act defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—
>     (i) has as an element the use, attempted use, or threatened use of
>     physical force against the person of another; or

3

>   (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.
>
> § 924(e)(2)(B).
>
>   The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson*, 135 S.Ct. at 2555-56 (emphasis added).

Barrios-Andrade's offense level was enhanced pursuant to the Sentencing Guidelines § 2L1.2(b)(1)(A)(i)[1] for drug trafficking based upon his Arizona conviction,[2] not a crime of violence. *Johnson* has no application. *See* D.E. 15, ¶ 12. Furthermore, the Fifth Circuit rejected application of the *Johnson* holding to § 16(b). *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc).

---

[1]  (b) Specific Offense Characteristic
>   (1) Apply the Greatest:
>   If the defendant previously was deported, or unlawfully remained in the United States, after--
>>   (A) a conviction for a felony that is (i) *a drug trafficking offense for which the sentence imposed exceeded 13 months*; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by 16 levels if the conviction receives criminal history points under Chapter Four or by 12 levels if the conviction does not receive criminal history points . . . .

*Id*. (emphasis added).

[2] At sentencing, the Court relied upon *United States v. Meija-Andrade*, 572 Fed. App'x. 233 (5th Cir. July 8, 2014) which held that the Arizona crime of solicitation to possess a narcotic drug for sale constituted a drug trafficking offense as defined in U.S.S.G. § 2L1.2(b)(1)(A)(i).

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Barrios-Andrade has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Barrios-Andrade is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, the Court DISMISSES Barrios-Andrade's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 39; Cause No. 2:16-CV-232, D.E. 1) and DENIES him a Certificate of Appealability.

Ordered this 15th day of November 2016.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE